**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0978-21

HUDSON REGIONAL
HOSPITAL, on assignment
of GJS, RW, JL, LD, and YV,

     Plaintiff-Appellant,

v.

NEW HAMPSHIRE INSURANCE
COMPANY, a subsidiary of the
CHARTIS GROUP, owned by
AMERICAN INTERNATIONAL
GROUP, INC. (AIG),

     Defendant-Respondent.

_____

Argued December 7, 2022 – Decided November 16, 2023

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2936-21.

Christa Michele Spinelli argued the cause for appellant (Callagy Law, PC, attorneys; Christa Michele Spinelli, on the briefs).

Matthew E. Selmasska argued the cause for respondent (Goldberg Segalla LLP, attorneys; John Michael McConnell, Paul Steven Danner and Matthew E. Selmasska, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff Hudson Regional Hospital (Hudson Regional) appeals from the November 5, 2021 order of the Law Division dismissing its complaint against defendant New Hampshire Insurance Company (NHIC) with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. We affirm.

I.

Hudson Regional operates a hospital in Secaucus. Its staff provided medical treatment to five New York residents, identified in the record only as G.J.S., R.W., J.L., L.D., and Y.V., for injuries they suffered while working in New York for their New York employers. The patients have no connection to New Jersey other than having received medical treatment in Secaucus for their work-related injuries.

Hudson Regional obtained an assignment of workers' compensation benefits from each of the patients. The hospital sought compensation for the medical treatment it provided to its patients before the New York Workers'

2

Compensation Board (NYWCB). In each instance, the NYWCB awarded compensation in accordance with the New York Workers' Compensation Act Fee Schedule, N.Y. COMP. CODES R. & REGS. tit. 12 § 329-1.3, established pursuant to the New York Workers' Compensation Law, N.Y. WORKERS' COMP. LAW (McKinney 2023). In each instance, the amount awarded was less than what Hudson Regional had billed for its treatment. Under Section 13 of the New York Worker's Compensation Law, the medical provider is obligated to write off the unpaid balance of what it billed after receipt of the award under the fee schedule. N.Y. WORKERS' COMP. LAW § 13 (McKinney 2023).

New York law provides a mechanism for disputing medical treatment reimbursements awarded by the NYWCB. See N.Y. COMP. CODES R. & REGS. tit. 12 §§ 325-6.1 and 328, et seq. Available avenues of review include both an adjudication at NYWCB and arbitration. Hudson Regional did not dispute the compensation awarded by NYWCB for the treatment of the five patients.

Instead, Hudson Regional filed claims with the New Jersey Division of Workers' Compensation (Division), alleging it was entitled to compensation for its medical treatment of the five patients at the rate provided by the New Jersey Workers' Compensation Act (WCA), which does not limit reimbursement for medical treatment to a fee schedule. See N.J.S.A. 34:15-15 (providing that

payment for physician, surgeon, and hospital services "shall be reasonable and based upon the usual fees and charges which prevail in the same community for similar physicians', surgeons' and hospital services."). Hudson Regional sought the difference between what was awarded by NYWCB and what it would be entitled to under the WCA. NHIC, the workers' compensation insurance carrier for the employers of the patients, appeared on behalf of the employers.

A judge of compensation issued orders dismissing three of Hudson Regional's claims for want of jurisdiction. In written opinions, the judge concluded that N.J.S.A. 34:15-15, which provides that "[e]xclusive jurisdiction for any disputed medical charge arising from any claim for compensation for a work-related injury or illness shall be vested in the division[,]" does not vest in the Division jurisdiction over a claim for benefits by a New York employee of a New York employer injured in New York, merely because the employee received medical treatment at a New Jersey hospital.

The judge noted that our Supreme Court recognized six possible bases to assert jurisdiction in New Jersey for a workers' compensation claim: (1) place where the injury occurred; (2) place of making the contract of employment; (3) place where the employment relationship exists or is carried out; (4) place where the industry is located; (5) place where the employee resides; and (6) place

4

whose statute the parties expressly adopt by contract.  See Williams v. Port Auth. of N.Y. and N.J., 175 N.J. 82, 87-88 (2003).  Finding that the only connection to New Jersey was that the patients were treated in Secaucus, the judge determined the Division lacked jurisdiction over Hudson Regional's claims.

Hudson Regional's other claims were dismissed by judges of compensation on the same basis.  Hudson Regional, however, did not appeal the decisions dismissing their claims to this court.  See R. 2:2-3(a)(2) (allowing for appeals to this court from final decisions of State administrative agencies).

Instead, Hudson Regional filed a complaint in the Law Division against NHIC, alleging the patients it treated, whose rights it was assigned, are third-party beneficiaries under the insurance policies NHIC issued to their employers and are, as a result, entitled to workers' compensation benefits at the rate authorized by the WCA for medical treatment they received in New Jersey. Hudson Regional alleged that because NHIC provided benefits only at the amounts awarded by NYWCB pursuant to the New York fee schedule, and not the amounts permitted under the WCA, NHIC: (1) breached the contractual rights of the five patients; (2) was unjustly enriched; (3) engaged in bad faith and unfair claim settlement practices; and (4) breached the implied covenant of good faith and fair dealing in its policies.

5

Hudson Regional sought an award of $386,961.32, what it alleged was the difference between what NHIC paid for the medical treatment it provided to the patients and what it would have received under the WCA. In support of its jurisdictional allegations, Hudson Regional alleged that NHIC and the employers conduct business in New Jersey.

NHIC moved to dismiss the complaint pursuant to Rule 4:6-2(a) for lack of subject matter jurisdiction, and Rule 4:6-2 (e) for failure to state a claim upon which relief can be granted.

On November 5, 2021, the trial court entered an order granting NHIC's motion and dismissing the complaint with prejudice. In an oral opinion, the trial court concluded that pursuant to N.J.S.A. 34:15-15, the Division has exclusive jurisdiction over claims for reimbursement for medical treatment arising from work-related injuries and a challenge to a decision by the Division to not award such benefits must be through an appeal to this court. See R. 2:2-3(a)(2). The trial court concluded that Hudson Regional could not recharacterize its patients' claims for workers' compensation benefits as allegations of breach of contract in an action in the Superior Court in lieu of appealing the Division's decisions.

This appeal follows. Hudson Regional argues that the Law Division has jurisdiction to hear its patients' contract claims against NHIC.

A-0978-21

II.

We review the trial court's jurisdictional decision de novo.  Beaver v. Magellan Health Srvs., Inc., 433 N.J. Super. 430, 437 (App. Div. 2013).  The focus of our inquiry is "whether plaintiff can assert [its] causes of action in the Law Division under the circumstances presented."  Id. at 437-38.

We apply a de novo standard of review to trial court's order dismissing a complaint under Rule 4:6-2(e).  See Stop & Shop Supermarkets Co. v. Cty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017) (quoting Teamsters Loc. 97 v. State, 434 N.J. Super. 393, 413 (App. Div. 2014)).  Under the rule, we owe no deference to the motion judge's conclusions.  Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).  "[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint."  Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).  "A pleading should be dismissed if it states no basis for relief and discovery would not provide one."  Rezem Fam. Assocs., 423 N.J. Super. at 113.

We have carefully considered the record and are not persuaded by Hudson Regional's arguments that the trial court erred when it dismissed its complaint.

A-0978-21

The Legislature has unequivocally vested "[e]xclusive jurisdiction" in the Division "for any disputed medical charge arising from any claim for compensation for a work-related injury or illness . . . ." N.J.S.A. 34:15-15. Hudson Regional pursued claims for workers' compensation benefits in the Division on behalf of its patients. The Division concluded that it did not have jurisdiction over the claims of New York employees of New York employers who were injured at work in New York. The Division rejected the argument that the employees' election to receive medical treatment at a New Jersey hospital was sufficient to vest jurisdiction in the Division to adjudicate a claim for benefits under the WCA. Hudson Regional did not appeal the Division's decision.

It elected instead to file a breach of contract action against NHIC on behalf of its patients in the Superior Court. It cannot, however, transmogrify the employees workers' compensation claims into breach of contract claims. The WCA compensates employees for personal injuries caused "by accident arising out of and in the course of employment . . . ." N.J.S.A. 34:15-7. The WCA authorizes benefits "irrespective of the fault of the employer or contributory negligence and assumption of risk of the employee." Harris v. Branin Transp., Inc., 312 N.J. Super. 38, 46 (App. Div. 1998). In addition, recovery under the

8

statute is "the exclusive remedy for an employee who sustains an injury in an accident that arises out of and in the course of employment." McDaniel v. Lee, 419 N.J. Super. 482, 490 (App. Div. 2011) (quoting Ahammed v. Logandro, 394 N.J. Super. 179, 190 (App. Div. 2007)).

The WCA "accomplished a 'historic trade-off whereby employees relinquished their right to pursue common-law remedies in exchange for automatic entitlement to certain, but reduced, benefits whenever they suffered injuries by accident arising out of and in the course of employment.'" Van Dunk v. Reckson Assocs. Realty Corp., 210 N.J. 449, 458-59 (2012) (quoting Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 174 (1985)).

An employee who receives an unfavorable decision from the Division cannot circumvent the comprehensive statutory structure enacted by the Legislature to address work-related claims by filing a suit alleging breach of contract in the Superior Court against their employers' workers' compensation carrier seeking workers' compensation benefits denied by the Division. Hudson Regional's available avenue of review of the Division's decision was to file an appeal on behalf of its patients in this court.[1]

---

[1] We offer no view on whether any such appeal would have been successful. We note, as well, that claims were filed on the patients' behalf before the

A-0978-21

Hudson Regional correctly notes that a New Jersey medical provider may file an action in the Superior Court to recover fees for medical services it provided to an out-of-State patient for a work-related injury, even if that patient received workers' compensation benefits in their home State. See D'Ascoli v. Stieh, 326 N.J. Super. 499 (App. Div. 1999). In that case, a Pennsylvania resident, employed by a Pennsylvania employer, was injured while working in Pennsylvania. Id. at 500. She received medical treatment from D'Ascoli, a surgeon, in New Jersey and signed an agreement to pay the fees for the services she received, irrespective of insurance coverage. Id. at 501. D'Ascoli received payment for a portion of his fees from the Pennsylvania workers' compensation insurance carrier for the patient's employer. Ibid. D'Ascoli thereafter filed a complaint in the Superior Court against the patient to collect the outstanding balance of the charges for his services. Ibid.

"There [was] no question that [the patient's] workers' compensation claim [was] governed by Pennsylvania's workers' compensation law." Id. at 500.

> There is also no question that a component of Pennsylvania's workers' compensation law is 77 Pa.

NYWCB, which awarded benefits to them for the services provided by Hudson Regional. No appeal was taken in New York from the decision of the NYWCB. There was, therefore, more than one path through which Hudson Regional could have challenged what it viewed to be unfavorable decisions of adjudicative bodies with respect to its patient's claims for benefits for medical treatment.

Stat. § 531 (7), which bars a medical provider from seeking to hold the employee liable for all or any portion of the medical costs incurred in treating a compensable injury, the provider's exclusive payment remedy being against the insurer.

[Ibid.]

The patient moved for summary judgment, arguing that the protection provided by Pennsylvania's workers' compensation law from having to pay the outstanding balance of her medical treatment costs immunized her from D'Ascoli's suit in a New Jersey court. Id. at 501. The trial court denied the motion and the matter proceeded to entry of judgment in favor of the surgeon. Id. at 500.

On appeal, the patient raised the same argument rejected by the trial court. We affirmed. As we explained,

> [a] New Jersey licensed physician who renders medical services in this State should be able to rely on the contract laws of this State in seeking payment. It is also arguable that by deciding to have her treatment outside of Pennsylvania, defendant waived the benefit of this aspect of the Pennsylvania workers' compensation law. We are satisfied that the reasonable expectations of both parties in respect of the rendering of medical treatment here were or should have been consistent with defendant's agreement to pay for the medical services rendered by plaintiff.
>
> [Id. at 504.]

11

This precedent is of no assistance to Hudson Regional here. Although the facts underlying the present matter are substantively similar to those before the court in D'Ascoli, a crucial distinction renders the holding in that case inapplicable to Hudson Regional's claims. Hudson Regional is not suing the five patients it treated for the outstanding portion of the hospital's charges for the medical services it rendered to them. Under D'Ascoli, such a suit might well be viable in a New Jersey court. Instead, Hudson Regional, having been assigned the claims of its patients, is suing NHIC for workers' compensation benefits it alleges the insurance carrier is obligated to pay the patients because they received medical treatment in New Jersey. The claims raised in Hudson Regional's Superior Court complaint are nothing more than a thinly veiled attempt to recast the patients' claims for workers' compensation benefits as breach of contract claims. Such claims may be raised only in the Division pursuant to its exclusive jurisdiction.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12